IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK PIDGEON and LARRY HICKS, | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-13-3768 |
| | § | |
| MAYOR ANNISE PARKER and CITY OF HOUSTON, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In November 2013, Annise Parker, the Mayor of the City of Houston, directed the City's Human Resources Department to make the City's employment-benefits program available to same-sex spouses of City of Houston employees. The plaintiffs, Jack Pidgeon and Larry Hicks, who identify themselves as Houston residents and taxpayers, opposed this decision. On December 17, 2013, Pidgeon and Hicks sued Parker and the City of Houston in the Harris County, Texas family law court, seeking temporary and permanent injunctions preventing the defendants from providing such benefits. The family law court judge promptly issued a TRO. Shortly before it expired, the defendants removed to federal court, asserting federal-question jurisdiction.[1] (Docket Entry No. 1, amended as Docket Entry No. 22). The plaintiffs moved to remand. (Docket Entry No. 11).

The motion to remand does not turn on the substantive issue of whether the United States Constitution requires state law to recognize same-sex marriages and grant related benefits. The

---

[1] The defendants' original notice of removal (Docket Entry No. 1) stated that the case was removed on the basis of 28 U.S.C. §§ 1441(a) and 1443. In an amended notice of removal (Docket Entry No. 22), the defendants clarified that the basis for removal was only 28 U.S.C. § 1441(a).

1

issue is instead straight out of a law school federal courts class. The issue is whether this court has federal subject-matter jurisdiction necessary to decide the substantive issue. The complaint filed in state court does not raise a claim under, or refer to, federal law. Instead, the complaint alleges that Mayor Parker's directive and its implementation violate Section 6.024 of the Texas Family Code; Article II, Section 22 of the Houston City Charter; and Article 1, Section 32 of the Texas Constitution. The defendants argue that removal is proper under 28 U.S.C. § 1441(a) because Section 22 of the Houston City Charter refers to federal law, and because the plaintiffs' claims necessarily raise a substantial federal question. The plaintiffs deny that the federal law reference in the City Charter is sufficient to establish jurisdiction or that the complaint otherwise necessarily raises federal issues. The plaintiffs nonetheless moved to amend their complaint to delete the claim based on the Houston City Charter. (Docket Entry No. 27). The defendants opposed this motion. (Docket Entry No. 32). This court held a hearing on the motions and heard argument.[2]

Since the motions were filed, many courts, including in Texas, have ruled on the underlying substantive issues.[3] Many speculate that the United States Supreme Court will ultimately resolve

---

[2] Other pending motions seek leave to file an amicus brief in support of the plaintiffs' motion to remand (Docket Entry No. 25), to intervene (Docket Entry No. 9, supplemented by Docket Entry No. 20), and to consolidate this case with another case pending before the Southern District of Texas, Houston Division, *Freeman v. Parker*, No. 4:13-cv-03755 (Docket Entry No. 21).

[3] Numerous federal courts have considered the constitutionality of state bans on same-sex marriages. In all of these cases, the federal courts found the bans unconstitutional. *See, e.g., Brenner v. Scott*, No. 4:14CV107-RH/CAS, 2014 WL 4113100 (N.D. Fla. Aug. 21, 2014); *Bowling v. Pence*, No. 1:14-CV-00405-RLY, 2014 WL 4104814 (S.D. Ind. Aug. 19, 2014); *Burns v. Hickenlooper*, No. 14-CV-01817-RM-KLM, 2014 WL 3634834 (D. Colo. July 23, 2014) (granting a preliminary injunction enjoining enforcement of Colorado's ban); *Love v. Beshear*, 989 F. Supp. 2d 536 (W.D. Ky. 2014); *Baskin v. Bogan*, No. 1:14-CV-00355-RLY, 2014 WL 2884868 (S.D. Ind. June 25, 2014); *Wolf v. Walker*, 986 F. Supp. 2d 982 (W.D. Wis. 2014); *Whitewood v. Wolf*, 992 F. Supp. 2d 410 (M.D. Pa. 2014); *Evans v. Utah*, No. 2:14CV55DAK, 2014 WL 2048343 (D. Utah May 19, 2014) (granting a preliminary injunction enjoining enforcement of Utah's ban); *Geiger v. Kitzhaber*, No. 6:13-CV-01834-MC, 2014 WL 2054264 (D. Or. May 19, 2014); *Latta v. Otter*, No. 1:13-CV-00482-CWD, 2014 WL 1909999 (D. Idaho May 13, 2014); *Henry v. Himes*, No. 1:14-CV-129, 2014 WL 1418395 (S.D. Ohio Apr. 14, 2014); *Bostic v. Rainey*, 970 F. Supp. 2d 456 (E.D. Va.

them. But the remand motion does not turn on those developments and will not affect them. Indeed, the underlying substantive issues are raised in another case in which the plaintiffs challenge the constitutionality of the City of Houston's withdrawal of employment benefits to same-sex spouses after a Texas family court enjoined the City from providing such benefits. *Freeman v. Parker*, (Case No. 4:13-cv-03755), was filed in the federal court and is currently pending before another judge in the Southern District of Texas, Houston Division. The substantive issues are likely to be decided, in a federal forum, regardless of this remand.

Long-standing principles of federal jurisdiction drive the analysis and result. Based on the amended notice of removal; the state-court petition; the motion to remand, response, reply, and sur-reply; the governing law; and the arguments of counsel, the court concludes that it does not have jurisdiction over this case. The motion to remand is therefore granted.

---

2014); *DeBoer v. Snyder*, 973 F. Supp. 2d 757 (E.D. Mich. 2014); *Tanco v. Haslam*, No. 3:13-CV-01159, 2014 WL 997525 (M.D. Tenn. Mar. 14, 2014) (granting a preliminary injunction enjoining the enforcement of Tennessee's ban); *De Leon v. Perry*, 975 F. Supp. 2d 632, 662 (W.D. Tex. 2014); *Lee v. Orr*, No. 13-CV-8719, 2014 WL 683680 (N.D. Ill. Feb. 21, 2014); *Bourke v. Beshear*, No. 3:13-CV-750-H, 2014 WL 556729 (W.D. Ky. Feb. 12, 2014); *Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252 (N.D. Okla. 2014); *Obergefell v. Wymslo*, 962 F. Supp. 2d 968 (S.D. Ohio 2013); *Kitchen v. Herbert*, No. 2:13-cv-217, 2013 WL 6697874 (D. Utah Dec. 20, 2013).

Several appellate courts have upheld these rulings. *See, e.g.*, *Bostic v. Schaefer*, 14-1167, 2014 WL 3702493 (4th Cir. July 28, 2014); *Bishop v. Smith*, No. 14-5003, 2014 WL 3537847 (10th Cir. July 18, 2014); *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014). A number of state courts have also ruled on challenges to their state's laws banning the recognition of same-sex marriages. *See, e.g.*, *In re Marriage of Heather Brassner*, 21 Fla. L. Weekly Supp. 920a (Fla. 17th Cir. Ct. Aug. 4, 2014); *Pareto v. Ruvin*, 21 Fla. L. Weekly Supp. 899a (Fla. 11th Cir.Ct. July 25, 2014); *Huntsman v. Heavilin*, 21 Fla. L. Weekly Supp. 916a (Fla. 16th Cir. Ct. July 17, 2014); *M. Kendall Wright et al. v. State of Arkansas, et al.*, No. 60CV-13-2662 (Ark. Pulaski Co. Cir. Ct. May 9, 2014); *Brinkman et al. v. State of Colorado et al.*, No. 13-CV-32572 (Colo. Dist. Ct. July 9, 2014); *Garden State Equal. v. Dow*, 434 N.J. Super. 163, 82 A.3d 336 (N.J. Super. Ct. Ch. Div. 2013); *Griego v. Oliver*, No. 2014-NMSC-003, 316 P.3d 865 (N.M. 2013) (ruling based on New Mexico Constitution).

Cases challenging the constitutionality of the Texas Defense of Marriage Act include *De Leon v. Perry*, 975 F. Supp. 2d 632, 662 (W.D. Tex. 2014) (finding the law, as well as Section I, Article 32 of the Texas Constitution, to be a violation of the Fourteenth Amendment); *A.L.F.L. v. K.L.L.*, No. 2014-CI-02421, (438th Dist. Ct., Bexar County, Tex. April 22, 2014). The issue is currently before the Court of Appeals for the Fifth Circuit. *See De Leon v. Perry*, No. 14-50196 (appeal from *De Leon v. Perry*, 975 F. Supp. 2d 632, 662 (W.D. Tex. 2014)).

The plaintiffs also sought their attorneys' fees and costs, asserting that removal was wrongful. This motion is denied, because there were clearly colorable grounds to remove. The remaining pending motions, seeking to amend the complaint, to file an amicus brief, to intervene, and to consolidate, are denied as moot.

The reasons for these rulings are explained below.

**I.      Background**

The City of Houston's Charter states in Article II, Section 22 that "[e]xcept as required by State or Federal law, the City of Houston shall not provide employment benefits, including health care, to persons other than employees, their legal spouses and dependent children." Texas does not recognize same-sex marriage. The Texas Defense of Marriage Act, contained in Section 6.204(c) of the Texas Family Code, prohibits political subdivisions in Texas from giving effect to a "right or claim to any legal protection, benefit or responsibility asserted as a result of a marriage between persons of the same sex or a civil union in this state or any jurisdiction." Before November 2013, the defendants interpreted the Houston City Charter and the Texas Family Code as requiring them to deny benefits to same-sex spouses of City of Houston employees who were legally married in states where same-sex marriage was recognized.

In *United States v. Windsor*, 570 U.S. ____, 133 S.Ct. 2675 (2013), the Supreme Court examined the constitutionality of the federal Defense of Marriage Act, which defined marriage for federal-law purposes as limited to unions between a man and a woman and denied same-sex couples, including those legally married in a state in which same-sex marriage was recognized, the federal benefits and protections granted to heterosexual married couples. The Supreme Court held that Section 3 of the federal Defense of Marriage Act violated the Fifth Amendment. *Windsor*, 133 S.Ct.


at 2695.  The Court recognized that the federal DOMA "depart[ed] from [a] history and tradition of reliance on state law to define marriage." *Windsor*, 133 S.Ct. at 2692.

Parker asked the City Attorney for legal advice on whether *Windsor* required the City to extend benefits to same-sex spouses of City employees married in states recognizing such unions. On November 19, 2013, the City Attorney issued a legal opinion finding "the continued application of Article II, Section 22 of the Houston City Charter to deny benefits to legally married same-sex spouses to be unconstitutional, primarily because it denies the employees of such spouses equal protection of the laws." (Docket Entry No. 1, Exhibit F).  Parker directed the City's Human Resources Department to begin enrolling the same-sex spouses of City of Houston employees in the City's employment-benefits program.

The plaintiffs sued, alleging that Parker's directive and its implementation violate Section 6.024 of the Texas Family Code, Article II, Section 22 of the Houston City Charter, and Article 1, Section 32 of the Texas Constitution.  Shortly after the family law court issued a TRO, the defendants timely removed to federal court. (Docket Entry No. 1). The plaintiffs moved to remand, arguing that their claims were based on state law, not on any federal statute or on the United States Constitution, and that this court lacked jurisdiction to do anything but return the case to the state court. (Docket Entry No. 11).

The defendants assert that this court has jurisdiction under 28 U.S.C. § 1331, which gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  The defendants argue that the "plaintiffs have [] invoked the federal question jurisdiction of this court by their pleading," which alleges that the defendants violated a section of the Houston City Charter that refers to federal law, and which necessarily raises

substantial federal questions of due process and equal protection under the United States Constitution.  (Docket Entry No. 22 at 5; No. 26 at 13).

## II. Analysis

### A. The Legal Standard for Federal-Question Removal Jurisdiction

Federal court jurisdiction is limited by the Constitution and federal statues. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.,* 503 U.S. 131, 136–137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); and *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) ("the jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress.").  These limits, based on respect both for other branches of government and for the state courts, must be respected.  Without subject-matter jurisdiction, a federal court simply has no authority to decide the case.  Because the removing party is the one invoking federal jurisdiction, it has the burden of proving that federal jurisdiction is present to defeat a motion to remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988), *appeal after remand,* 915 F.2d 965 (5th Cir. 1990), *aff'd,* 503 U.S. 131 (1992)); *Delgado v. Shell Oil Co.,* 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").

To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). As a general

matter, pleading amendments after removal can neither create federal jurisdiction that did not exist when the action was removed nor strip federal jurisdiction that did exist. *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir. 1963) ("A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.") (citing *Westmoreland Hosp. Ass'n v. Blue Cross of W. Penn.*, 605 F.2d 119, 123 (3d Cir. 1979), *cert. denied*, 444 U.S. 1077 (1980)). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler,* 284 F.3d 665, 672 (5th Cir. 2002), any "ambiguities are to be construed against removal." *Manguno,* 276 F.3d at 723; *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995).

Whether a cause of action presents a federal question depends on the allegations in a plaintiff's complaint. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). Federal-question jurisdiction exists "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). "To satisfy the rule, the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't Of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009) (citing *Louisville & Nashville R.R. Co,* 211 U.S. at 152 and *W. 14th St. Comm'l Corp. v. 5 W. 14th Owners Corp.,* 815 F.2d 188, 193 (2d Cir. 1987)). If the complaint raises no issue of federal law, either explicitly or embedded, federal question jurisdiction is lacking. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

**B.     Analysis**

The complaint asserted claims for violations of the Texas Family Code, the Texas Constitution, and the Houston City Charter. The plaintiffs did not frame their allegations in terms of federal law. Nor do they rely on any federal law to raise or sustain their claims. Their claims make "no explicit mention of any specific statute or regulation" under federal law. *Howery v. Allstate Ins. Co*, 243 F.3d 912, 918 (5th Cir. 2001).

The defendants argue that substantial and disputed federal questions are embedded in the plaintiffs' claims. The defendants assert that to enforce the Houston City Charter as the City did before November 2013 would violate federal constitutional law as interpreted by the Supreme Court of the United States. They argue that their decision to begin offering employment benefits to same-sex spouses of City of Houston employees was based on, and required by, the Supreme Court's decision in *Windsor*, 133 S.Ct. 2675. The argument is that unless the City implements Parker's directive, the City will be violating the Equal Protection Clause of the United States Constitution.

Whether the defendants' argument is right is a substantive issue of federal constitutional law. The problem with their argument in the context of the law governing federal jurisdiction is that it raises a federal-law defense to a state-law cause of action. The Supreme Court has consistently held that a federal defense to a state-law claim cannot confer federal jurisdiction, even when that federal defense is clearly anticipated and even when the plaintiffs themselves refer to the defense in their complaint. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Franchise Tax Bd.*, 463 U.S. at 12; *Louisville & Nashville R.R. Co.*, 211 U.S. at 152. "Although such allegations show that very likely, in the course of litigation, a question under the Constitution would arise, they do not show that the suit, that is, the

plaintiff's original cause of action, arises under the Constitution." *Louisville & Nashville R.R. Co.*, 211 U.S. at 152.

The Supreme Court has told federal district courts for over a century that raising a federal defense to a state-court complaint that alleges only state-law claims, even when it is obvious to all that the federal defense will be raised and must be decided, is not enough to give a federal court subject-matter jurisdiction. Instead, any issue of federal law must be "an element, and an essential one, of the plaintiff's cause of action." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). "[A]n asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction." *Powers v. S. Cent. United Food & Commercial Workers Unions & Employers Health & Welfare Trust*, 719 F.2d 760, 764 (5th Cir. 1983) (citing *Franchise Tax Board* 103 S.Ct at 2847). *See also State of Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S. Ct. 654, 657, 38 L. Ed. 511 (1894) ("by the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws.") (quoting *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

The fact that the plaintiffs asserted a claim under Article II, Section 22 of the Houston City Charter, which contains a clause describing the Mayor's obligation to comply with federal law, does not transform the defense into an element of the plaintiffs' claims. References to federal law or to the United States Constitution in a plaintiff's complaint do not, on their own, create federal-question jurisdiction. *See, e.g., Walter v. Old Am. Cnty. Mut. Fire Ins. Co.*, No. Civ. A. H-12-2581, 2012 WL 5818227 (S.D. Tex. Nov. 14, 2012) ("A vague reference to 'the Constitution' does not establish

federal-question jurisdiction."); *Maguire v. Telcom Global Solutions, Inc.*, No. Civ. A. 3:02-CV-1728-G, 2003 WL 124475 (N.D. Tex. Jan. 10, 2003) ("'[M]ere reference to the Federal Constitution, laws or treaties [is] not adequate to disclose a federal question.' " (second alteration in original) (quoting *Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976)). A state entity's explicit or implicit obligation to act consistently with federal law does not grant federal-question jurisdiction or transform the dispute over whether the entity complied with federal law into an element of the plaintiff's state-law claims. *See Gully v. First Nat. Bank*, 299 U.S. 109, 115 (1936) ("True, the tax, though assessed through the action of the state, must be consistent with the federal statute consenting, subject to restrictions, that such assessments may be made.... It must also be consistent with the Constitution of the United States.... That there is a federal law permitting such taxation does not change the basis of the suit, which is still the statute of the state"). Although the Houston City Charter refers generally to "federal law," it is clear that the claim that the Mayor's directive violates the Houston City Charter does not require the plaintiffs to prove compliance with federal constitutional law as interpreted by the United States Supreme Court to assert a plausible claim.

Because the federal-law issue is not raised by the plaintiffs' complaint, and is instead asserted as a defense, it is not necessary to examine whether that federal issue presents a substantial and disputed question analyzed under the factors described in *Grable & Sons Metal Products v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005), and *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008). That analysis applies only "in cases in which a well-pleaded complaint establishes ... that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28 (1983); *Singh v. Duane Morris LLP*,

538 F.3d 334, 337–38 (5th Cir. 2008).

This court does not have removal jurisdiction over the plaintiffs' claims under 28 U.S.C. §1441(a). Remand is required.

## III.     The Motion for Fees

The plaintiffs also ask for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). That section states, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although § 1447(c) permits an award of attorneys' fees, it provides little guidance on when such fees are warranted. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court provided the standard for awarding attorneys' fees when a motion to remand is granted.

In *Martin*, the Supreme Court noted that an award of attorneys' fees is not mandatory and that there is no strong presumption in favor of or against an award. The Court stated that "... the standard for awarding attorney's fees should turn on the reasonableness of the removal," and that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. WalMart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The defendants' motive in removing is not considered. The issue is whether the defendants had an objectively reasonable basis for the removal. *Yount v. Lafayette Ins. Co.*, 234 Fed. App'x. 245 (5th Cir. 2007) (citing *Valdes*, 199 F.3d at 292).

The defendants had an objectively reasonable basis for removal. The defendants presented a well-researched brief that deserved, and received, close study. The request for attorneys' fees

under § 1447(c) is denied.

## IV.     Conclusion

The plaintiffs' motion for remand (Docket Entry No. 11) is granted. The request for fees and costs is denied. This case is remanded to the 310th Judicial District Court of Harris County, Texas. The motions for leave to file an amicus brief, to intervene, and to consolidate cases are denied as moot.

SIGNED on August 28, 2014, at Houston, Texas.

```
                                        _____
                                                Lee H. Rosenthal
                                            United States District Judge
```